UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS EWING PALEVEDA,

Plaintiff,

v.

ALAMEDA COUNTY, et al.,

Defendants.

Case No. 24-cv-08716-RMI

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Re: Dkt. Nos. 21, 22

Plaintiff, a detainee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and Plaintiff has filed an amended complaint (dkts. 20, 27).

## DISCUSSION

### Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include

1    detailed factual allegations in a complaint, the complaint must do more than recite elements of a
2    cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to
3    raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550
4    U.S. 544, 555 (2007).  A complaint must proffer "enough facts to state a claim to relief that is
5    plausible on its face." *Id*. at 570. "While legal conclusions can provide the framework of a
6    complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded
7    factual allegations, a court should assume their veracity and then determine whether they plausibly
8    give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
9           To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
10   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
11   the alleged deprivation was committed by a person acting under the color of state law. *West v.*
12   *Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

14          Plaintiff brings claims alleging that Defendants interfered with his ability to practice his
15   religion, his property was taken, he was subject to retaliation, and his due process rights were
16   violated at a disciplinary hearing, among others.
17          Prisoners retain the protections afforded by the First Amendment, "including its directive
18   that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S.
19   342, 348 (1987) (citation omitted).  But lawful incarceration "brings about the necessary
20   withdrawal or limitation of many privileges and rights, a retraction justified by the considerations
21   underlying our penal system." *Id*. (citation and internal quotation marks omitted).  For a prisoner
22   to establish a free exercise violation, he therefore must show that a prison regulation or official
23   burdened the practice of his religion without any justification reasonably related to legitimate
24   penological interests. *See Shakur v. Schriro,* 514 F.3d 878, 883–84 (9th Cir. 2008).  A prisoner is
25   not required to objectively show that a central tenet of his faith is burdened by a prison regulation
26   to raise a viable claim under the Free Exercise Clause. *Id*. at 884–85.  Rather, whether the
27   prisoner's belief is "sincerely held" and "rooted in religious belief" determines whether the Free
28   Exercise Clause applies. *Id*. (finding district court impermissibly focused on whether consuming

2

1  Halal meat is required of Muslims as a central tenet of Islam, rather than on whether the plaintiff
2  sincerely believed eating kosher meat is consistent with his faith).

3  Section 3 of the Religious Land Use and Institutionalized Persons Act (RLUIPA) provides:
4  "No government shall impose a substantial burden on the religious exercise of a person residing in
5  or confined to an institution, as defined in section 1997 [which includes state prisons, state
6  psychiatric hospitals, and local jails], even if the burden results from a rule of general
7  applicability, unless the government demonstrates that imposition of the burden on that person
8  (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of
9  furthering that compelling governmental interest."  42 U.S.C. § 2000cc–1(a).

10  Neither the negligent nor intentional deprivation of property gives rise to a due process
11  claim under § 1983 if the deprivation was random and unauthorized.  *See Parratt v. Taylor*, 451
12  U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part*
13  *on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986); *Hudson v. Palmer*, 468 U.S.
14  517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate
15  state post-deprivation remedy, such as a state tort action, precludes relief because it provides
16  sufficient procedural due process.  *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state
17  cannot foresee, and therefore provide meaningful hearing prior to, deprivation, statutory provision
18  for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due
19  process).  California law provides such an adequate post-deprivation remedy. *See Barnett v.*
20  *Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895).

21  A court presented with a procedural due process claim by a pretrial detainee should first
22  ask if the alleged deprivation amounts to punishment and therefore implicates the Due Process
23  Clause itself; if so, the court then must determine what process is due.  *See, e.g., Bell v. Wolfish*,
24  441 U.S. 520, 537-38 (1979) (discussing tests traditionally applied to determine whether
25  governmental acts are punitive in nature).

26  If the alleged deprivation does not amount to punishment but does implicate a liberty
27  interest arising from a state statute or regulation, a pretrial detainee's due process claim is not
28  analyzed under *Sandin v. Conner*, 515 U.S. 474 (1995), which applies to convicted prisoners, but

rather under the law as it was before *Sandin*. *See Valdez v. Rosenbaum*, 302 F.3d 1039, 1041 n.3 (9th Cir. 2002). The proper test to determine whether detainees have a protected liberty interest is set out in *Hewitt v. Helms*, 459 U.S. 460, 472 (1983), and *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989). Under those cases, a state statute or regulation creates a procedurally protected liberty interest if it sets forth "'substantive predicates' to govern official decision making" and also contains "explicitly mandatory language," i.e., a specific directive to the decisionmaker that mandates a particular outcome if the substantive predicates have been met. *Thompson*, 490 U.S. at 462–63 (quoting *Hewitt*, 459 U.S. at 472).

If the alleged deprivation does not amount to punishment and there is no state statute or regulation from which a protected liberty interest could arise, no procedural due process claim is stated and the claim should be dismissed. *See Meachum v. Fano*, 427 U.S. 215, 223–27 (1976) (interests protected by due process arise from Due Process Clause itself or from laws of the states).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted); *accord. Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267–68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

Pursuant to Fed. R. Civ. P. 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798

4

(9th Cir.1991)); *accord. Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir.1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.) "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit[.]" *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

"[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id*. (citing 28 U.S.C. § 1915(g)).

Plaintiff states that Defendant Buenrostro improperly denied his request for a Kosher diet and then Defendants Chavez, Young, and an unknown Defendant improperly denied his grievances regarding the issue. Plaintiff presents a cognizable claim against Buenrostro for the denial of the Kosher diet. However, as currently pled, he fails to state a claim against the other Defendants for denying his grievance. There is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The amended complaint is dismissed with leave to amend to file a second amended complaint. Plaintiff may present additional allegations against the other Defendants or elect to dismiss this claim and continue only against Buenrostro.

Plaintiff later requested religious services and a chaplain, but was informed that those services were not provided. He then requested that Defendants Posedel, Chavez, and Young pray with him as a reasonable accommodation, but they declined. Plaintiff fails to state claim with respect to his allegation that these Defendants did not pray with him. While he could state a claim regarding the denial of services or a chaplain, he does not allege this denial in detail or identify what Defendant denied the request and specifically how it violated his rights. Plaintiff may provide additional information in a second amended complaint or choose to dismiss this claim.

5

Defendants Byrd, Seig, and Gaoteote searched Plaintiff's cell and removed Plaintiff's sacred hair trimmings related to a Biblical vow he had taken. Plaintiff requested the hair be returned, but Defendants declined. Plaintiff also requested an administrative hearing, but the request was denied. Gaoteote issued Plaintiff a disciplinary report in retaliation for seeking the return of his hair trimmings and requesting a hearing. The removal of the hair trimmings by Defendants states a claim for a violation of Plaintiff's religious rights and he states a retaliation claim against Gaoteote. However, pursuant to the legal standards above, Plaintiff fails to state a claim under the Due Process Clause. He may either dismiss this claim or attempt to re-plead such a claim with additional supporting facts in an amended complaint.

At the disciplinary hearing stemming from this incident, Defendant Posedel found Plaintiff guilty. Defendant Keles assessed Plaintiff 30 days' loss of privileges as punishment. Plaintiff argues that the guilty finding was a violation of due process. Plaintiff fails to state a claim because he presents no allegations regarding how his due process rights were violated at the hearing or how the loss of privileges constitutes a due process violation. Plaintiff may address this claim in an amended complaint or dismiss the claim and related Defendants.

Plaintiff also alleges that he was denied adequate space and time for exercise, but he does not identify any Defendant involved and does not sufficiently describe how his constitutional rights were violated. He also presents allegations regarding dirty cells, not being provided information regarding the jail's attorney, other incidents of retaliation, and other unrelated claims. Plaintiff was previously informed that he had presented too many unrelated claims against different defendants. While this amended complaint has partially addressed this deficiency, Plaintiff continues to discuss unrelated claims against numerous other Defendants. Plaintiff may remove these unrelated claims and Defendants in the second amended complaint and file a separate action with these allegations. Failure to remove these claims may result in dismissal of those claims and Defendants.

## CONCLUSION

1. Plaintiff's motion for judgment (dkt. 21) and § 1985 status (dkt. 22) are DENIED.

2. The amended complaint is **DISMISSED** with leave to amend in accordance with the

6

1  standards set forth above. The second amended complaint must be filed within **twenty-eight (28)**
2  **days** of the date this order is filed, and it must include the caption and civil case number used in
3  this order and the words "SECOND AMENDED COMPLAINT" on the first page. Because an
4  amended complaint completely replaces the original complaint, Plaintiff must include in it all the
5  claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff
6  may not incorporate material from the original Complaint by reference. Failure to amend within
7  the designated time will result in dismissal of the claims and Defendants noted above.

8      3.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
9  informed of any change of address by filing a separate paper with the clerk, headered "Notice of
10 Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so
11 may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil
12 Procedure 41(b).

13     **IT IS SO ORDERED.**

14 Dated: April 16, 2025

ROBERT M. ILLMAN
United States Magistrate Judge