UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS EWING PALEVEDA,<br><br>Plaintiff,<br><br>v.<br><br>ALAMEDA COUNTY, et al.,<br><br>Defendants. | Case No. 24-cv-08716-RMI<br><br>**ORDER**<br>Re: Dkt. Nos. 33, 34 |

Plaintiff, a detainee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The amended complaint was dismissed with leave for Plaintiff to file a second amended complaint. (Dkt. 32). Plaintiff submitted filings seeking an extension of time and for the court to appoint counsel. (Dkts. 33, 34).

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). District courts may "request" that counsel represent a litigant who is proceeding *in forma pauperis*, as Plaintiff is here. *See* 28 U.S.C. § 1915(e)(1). However, that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). As described in the prior screening order, the majority of Plaintiff's allegations fail to state a claim and there is little likelihood for success on the merits. While Plaintiff states a claim against one Defendant, at the screening stage it is too early to determine the

1   likelihood of success on this claim.  Further, Plaintiff has presented his claims adequately and the
2   issues are not complex.  The motion to appoint counsel (dkt. 34) is therefore **DENIED** without
3   prejudice.

4   For good cause shown, it is hereby **ORDERED** that Plaintiff's request for an extension
5   (dkt. 33) to file a second amended complaint is **GRANTED**, and the second amended complaint
6   shall be filed by **June 20, 2025**.  The Clerk is directed to send Plaintiff a copy of the amended
7   complaint (dkt. 20) to review.  Plaintiff must file a new second amended complaint.  He may not
8   simply write in the margins of the amended complaint sent by the court.  If Plaintiff seeks
9   additional access to the law library, he must request it at his institution and he may show officials
10  this order that contains a deadline.

11  **IT IS SO ORDERED.**

12  Dated: May 21, 2025

ROBERT M. ILLMAN
United States Magistrate Judge

2