UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PALEVEDA,<br>    Plaintiff,<br><br>         v.<br><br>ALAMEDA COUNTY, et al.,<br>    Defendants. | Case No. 24-cv-08716 BLF (PR)<br><br>**ORDER STRIKING UNRELATED CLAIMS AND DEFENDANTS; OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, who appears to be a pretrial detainee at the Santa Rita Jail, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Santa Rita Jail and Alameda County. Dkt. No. 1. On February 10, 2025, the Honorable Magistrate Judge Robert M. Illman screened the complaint and dismissed it with leave to amend to attempt to correct various deficiencies. Dkt. No. 19. Plaintiff's amended complaint (Dkt. No. 20), partially addressed some of the deficiencies by stating one cognizable claim but also continued to discuss unrelated claims against numerous other Defendants. Dkt. No. 32. Plaintiff was directed to file a second amended complaint that did not include unrelated claims and defendants within twenty-eight days of the order. *Id.* Plaintiff was subsequently granted an extension of time to June 20, 2025. Dkt. No. 37. When he failed to file in the time provided, the Court directed him to file a second amended complaint within fourteen days

of July 8, 2025, *i.e.*, by July 22, 2025.  Dkt. No. 39.  The matter was reassigned to the undersigned on October 23, 2025.  Dkt. Nos. 40, 41.

The deadline to file a second amended complaint has long since passed, and Plaintiff has failed to do so.  Because the amended complaint contains unrelated claims and defendants, it violates Federal Rules of Civil Procedure 8(a)(2) and 20(a)(2).  Since Plaintiff has failed to file a second amended complaint to correct this deficiency, the Court has no choice but to strike the unrelated claims and defendants from the amended complaint and proceed on the sole cognizable claim under the First Amendment against Defendant Buenrostro based on the denial of a Kosher diet.  Dkt. No. 19 at 3; Dkt. No. 32 at 5.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. This matter is proceeding on the First Amendment claim against Defendant Buenrostro.  All other claims and defendants shall be **STRICKEN** from the amended complaint.  The Clerk shall terminate all other defendants from this action.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, (Dkt. No. 20), and all attachments thereto, and a copy of this order upon Defendant **Deputy J. Buenrostro** via the **Alameda County Sheriff's Office, Internal Affairs & Civil Litigation Unit, 3 Park Place, Third Floor, Dublin, CA 94568**.  The Clerk shall also mail a copy of this order to Plaintiff.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal

Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).** *See Woods v. Carey*, **684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

5. Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil

3

Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:** October 27, 2025

_____
BETH LABSON FREEMAN
United States District Judge